**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CAROLYN CROUTHAMEL; et al., | No. 21-35387 |
| Plaintiffs-Appellants, | D.C. No. 4:20-cv-05076-RMP |
| v. | |
| WALLA WALLA PUBLIC SCHOOLS, a Washington public school district; et al., | MEMORANDUM[*] |
| Defendants-Appellees, | |
| ------------------------------ | |
| ATTORNEY GENERAL FOR THE STATE OF WASHINGTON, | |
| Intervenor-Appellee. | |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted October 19, 2023[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  W. FLETCHER, NGUYEN, and R. NELSON, Circuit Judges.

Appellants Crouthamel, McCallister, and Baker ("Appellants") are employees of Walla Walla Public Schools, Evergreen Public School District, and Kent Public School District, respectively (the "Districts").  Each appellant voluntarily chose to become a member of SEIU 1948 ("the Union") and a signed union membership and a deduction authorization agreement shortly after being hired.  Appellants bring several federal claims under 42 U.S.C. § 1983 against the Union, the Districts, and the Districts' superintendents ("Superintendents"), and two state-law claims for breach of contract and unjust enrichment.  We may affirm the district court's order granting summary judgment on any basis fairly supported by the record.  *United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 330 (9th Cir. 2017) (internal quotation marks, citation omitted).  We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.  The § 1983 claims brought against the Union fail for lack of state action. *See Belgau v. Inslee*, 975 F.3d 940, 950 (9th Cir. 2020); *Wright v. Serv. Emps. Int'l Union Loc. 503*, 48 F.4th 1112, 1122-25 (9th Cir. 2022).

2. The damages claims brought against the Districts fail because local governments cannot be liable under § 1983 for following state law.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (recognizing that "under § 1983, local governments are responsible for 'their own illegal acts.'" (emphasis in original)

2

(internal citation omitted)); *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). Here, the Districts were following Washington state law. Wash. Rev. Code Ann. § 41.56.110(1), (2)(c), (4) (West 2019). The § 1983 damages claims brought against the Superintendents "in their official capacity" fail for the same reason.

3. Appellants lack standing to seek injunctive relief to prevent future deductions. Appellants' dues deductions have already stopped, and there is no basis for finding a "sufficiently real" risk of future injury. *See Ochoa v. Public Consulting Grp., Inc.*, 48 F.4th 1102, 1107 (9th Cir. 2022).

4. Because Appellants' federal claims fail, the district court properly declined to exercise supplemental jurisdiction over Appellants' state law claims. *See* 28 U.S.C. §1367(c)(3).

**AFFIRMED.**